## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRETT D. RICE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-12-105-SPS** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of the Social** | ) | |
| **Security Administration,[1]** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

The claimant Brett D. Rice requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g).  He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled.  For the reasons set forth below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]"  42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.  In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]"  *Id*. § 423 (d)(2)(A).  Social security regulations implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied.  *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997).  Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  The Court may not reweigh the evidence or substitute its discretion for the Commissioner's.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born April 27, 1965, and was forty-six years old at the time of the administrative hearing (Tr. 40, 132). He completed high school and two years of college, and has worked as a computer technician (Tr. 33, 168). The claimant alleges that he has been unable to work since April 22, 2009, because of heart problems, diabetes, depression, and plantar fasciitis (Tr. 163).

### Procedural History

On January 4, 2009, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Douglas S. Stults conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated April 21, 2011 (Tr. 24-35). The Appeals Council denied review, so the ALJ's opinion constitutes the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant could perform sedentary work, 20 C.F.R. §§ 404.1567(a), 416.967(a), but

could climb ramps or stairs, balance or stoop only occasionally, and never kneel, crouch, crawl, or climb ropes, ladders or scaffolds; and could understand, remember, and carry out simple and detailed (but not all complex) instructions, and have incidental, superficial work-related contact with the general public, co-workers, or supervisors (Tr. 29-30).  The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the national and regional economy, *i. e.*, the semi-skilled jobs of electronics inspector, wirer, and electronic equipment assembler (Tr. 34, 63).

## Review

The claimant contends that the ALJ erred: (i) by failing to find that he had job skills transferrable to semi-skilled work, as required by Soc. Sec. Rul 83-10; and (ii) by finding that he had no limitation on his ability to follow detailed instructions or perform stressful work.  The Court finds that the ALJ failed to properly determine whether the claimant had transferable skills, and the decision of the Commissioner must therefore be reversed.

"[A] claimant's acquired skills are transferable to other jobs 'when the skilled or semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work.'" *Dikeman v. Halter*, 245 F.3d 1182, 1185 (10th Cir. 2001), *quoting* 20 C.F.R. §§ 404.1568(d)(1), 416.968(d)(1).  The Commissioner bears the burden of proving that the claimant has transferable skills, *see, e. g., Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999) ("It is not the claimant's burden to produce or develop vocational evidence at

step five.") [citation omitted], although "[t]he claimant is in the best position to describe just what he or she did in [past relevant work], how it was done, what exertion was involved, what skilled or semiskilled work activities were involved, etc." Soc. Sec. Rul. 82-41, 1982 WL 31389, at *4. Further, "[w]hen a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the . . . ALJ's decision." *Id.* at *7; *see also Dikeman*, 245 F.3d at 1185.

The ALJ found that the claimant's severe impairments of coronary artery disease with chest pain, diabetes, hypertension, obesity, major depressive disorder recurrent, and generalized anxiety disorder prevented him from returning to past relevant work. This shifted the disability determination to step five and required the Secretary prove that there were other jobs the claimant could perform. Further, because the claimant's impairments also prevented him from performing a full range of other sedentary work, the Secretary was required to identify particular jobs the claimant could perform with his specified limitations. The ALJ sought to obtain such proof from a vocational expert (VE). Had the VE identified any unskilled jobs the claimant could perform, the ALJ could readily have concluded the claimant was not disabled on this basis. But the VE identified only skilled jobs, so it was for the ALJ to determine whether the claimant could in fact perform such jobs, *i. e.*, whether he had any skills transferrable to these jobs.

The ALJ did not, however, perform this critical determination; on the contrary, he specifically found that "[t]ransferability of job skills is not material to the determination of disability" (Tr. 34). Such a finding would have made sense if the VE had identified

-5-

any unskilled sedentary jobs the claimant could perform, but it is inexplicable given that the VE indentified only semi-skilled jobs at the hearing.  The Commissioner nonetheless offers two justifications for the ALJ's disability determination: (i) "the record contains evidence that [the claimant] possessed the skills necessary to perform" the jobs identified by the VE, and (ii) the claimant "has failed to show [] he is unable to perform unskilled work."  The second contention may be disposed of summarily; at step five, the burden of proof is on the Commissioner (not the claimant), and in any event there was no proof the claimant could perform unskilled jobs because the VE did not identify any.  This was necessary evidence because the ALJ determined the claimant could not perform a full range of sedentary work.  *See* Soc. Sec. R. 96-9p, 1996 WL 374185, at *5 ("Where there is more than a slight impact on the individual's ability to perform the full range of sedentary work, if the adjudicator finds that the individual is able to do other work, the adjudicator must cite examples of occupations or jobs the individual can do[.]").

The Commissioner's other attempt to support the ALJ's decision likewise fails for two reasons.  First and foremost, it is not the function of this Court on appeal to provide critical factual findings that the ALJ did not himself make.  *See, e. g., Drapeau v. Massanari,* 255 F.3d 1211, 1214 (10th Cir. 2000) (reviewing court is "not in a position to draw factual conclusions on behalf of the ALJ."), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991).  Second, the record *does not* contain sufficient evidence on which to conclude that the claimant has the necessary skills.  The claimant testified that he had worked as a computer tech in the IT field, but the ALJ did not ask about his job duties or any he may have acquired (Tr. 45).  Nor did the VE correct this deficiency; she

testified the claimant's job was light, skilled work as performed in most environments, but did not analyze the duties or skills of the job (Tr. 62). The only other evidence in the record is the information provided in the claimant's disability and work history reports; he answered "yes" when asked if his job required use of machines, tools or equipment; technical knowledge or skills; or writing reports, and his only description of job duties was a general statement that he "helped people with their computer and did new set ups." (Tr. 164). At best, this was a "skeleton description" of the claimant's past work, *see, e. g., Ogle v. Barnhart*, 123 Fed. Appx. 361, 363 (10th Cir. 2005) (finding description by claimant of computer operations job as "[t]ook orders from customers by computer or by hand" was skeletal description), and it was therefore clearly insufficient "to document his acquisition of skills." *Dikeman*, 245 F.3d at 1185, *citing* Soc. Sec. Rul. 82-41, 1982 WL 31389, at *4 ("Neither an occupational title by itself nor a skeleton description [of a job] is sufficient.") [quotation omitted].

Because the ALJ failed to determine whether the claimant had any transferrable skills from his past relevant work, the conclusion that the claimant could perform semi-skilled jobs is unsupported by the record. The decision of the Commissioner must therefore be reversed and the case remanded to the ALJ for further analysis.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The Commissioner's decision is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 26th day of March, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma